IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANGEL WILSON, on behalf of herself, and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-16-1124-C |
| 59th St. LD OKLAHOMA CITY, LLC d/b/a LITTLE DARLINGS), | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER ON ARBITRATION

In her Complaint Plaintiff asserts that she was employed by Defendant as an exotic dancer. According to Plaintiff, during her employment with Defendant, she was not paid as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Plaintiff brought this action seeking class action certification to recover unpaid wages. Defendant has filed a Motion to Dismiss or Stay in Favor of Arbitration. In its Motion, Defendant argues that Plaintiff worked as an independent professional entertainer. Defendant asserts that prior to beginning her relationship with Defendant, Plaintiff signed a contract which contained an arbitration clause. Thus, Defendant argues, the Court should stay this case and direct the parties to complete the arbitration process.

The Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* ("FAA"), allows "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9

U.S.C. § 4. The FAA requires the Court to "compel arbitration pursuant to the terms of the parties' agreement if (1) a valid, enforceable arbitration agreement exists, and (2) the asserted claims are within the scope of that agreement." Edwards v. Blockbuster Inc., 400 F. Supp. 2d 1305, 1309 (E.D. Okla. 2005); see also 9 U.S.C. § 4 ("The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."). If these two elements are satisfied, the Court has no discretion and must direct the parties to proceed to arbitration. See KPMG LLP v. Cocchi, 565 U.S. 18, 22 (2011) (citing Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985)). The FAA "creates a 'presumption in favor of arbitrability and courts must resolve all doubts' in favor of arbitration." Edwards, 400 F. Supp. 2d at 1309 (citing Shankle v. B-G Maint. Mgmt. of Colo., 163 F.3d 1230, 1233 (10th Cir. 1999)); see also KPMG LLP, 565 U.S. at 21 (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 631 (1985)) ("The Federal Arbitration Act reflects an 'emphatic federal policy in favor of arbitral dispute resolution.'"). "The party seeking to avoid arbitration bears the burden of proving that the claims are not covered, and only the most forceful evidence of a purpose to exclude a claim from arbitration can prevail." Edwards, 400 F. Supp. 2d at 1310.

Plaintiff argues 1) that arbitration is improper, as there is no proof of an agreement to arbitrate; 2) the arbitration clause unfairly favors Defendant because of the costs Plaintiff

2

would have to pay to arbitrate; and/or 3) the arbitration clause should not be enforced because it denies Plaintiff certain statutory rights.

Plaintiff's first argument addresses the Court's first duty in deciding whether to compel arbitration – is there a valid agreement to arbitrate. In support, Defendant has submitted a document purportedly signed by Plaintiff which contains the operative arbitration clause. Plaintiff does not dispute that the document contains her signature. Rather, Plaintiff argues that there is no proof that the document reflects an agreement with the club where she worked. Plaintiff asserts that the document nowhere contains the name "Little Darlings," which is the name of the club where she danced. Thus, Plaintiff argues, there is no proof of an agreement between her and that entity.

Plaintiff's argument borders on the frivolous. The document provided by Defendant evinces an agreement between Plaintiff and Defendant 59th St. LD Oklahoma City, LLC (59th St"). In her Complaint, Plaintiff alleges that 59th St. was her employer and that it does business as Little Darlings. (See Dkt. No. 1 ¶¶ 4-5.) Plaintiff will not now be heard to argue otherwise.

Plaintiff also argues that the arbitration clause is unenforceable because it was obtained in an unconscionable manner. However, when her arguments are examined closely, it is clear her unconscionability arguments attack the entire contract. Thus, those arguments are to be resolved by the arbitrator. See Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445-46 (2006) ("unless the challenge is to the arbitration clause

itself, the issue of the contract's validity is considered by the arbitrator in the first instance."). Accordingly, the Court finds there is an agreement to arbitrate.

Whether the claims brought by Plaintiff are within the scope of that agreement is an issue for the arbitrator. This is the case whether, as Plaintiff argues, the clause is unconscionable or if it takes away certain statutory rights.

The arbitration clause states:

> **EXCEPT FOR ANY ADMINISTRATIVE PROCEEDINGS THAT ARE NOT LEGALLY BARRED BY THIS PARAGRAPH, ANY CONTROVERSY, DISPUTE, OR CLAIM (IN THIS PARAGRAPH 21, COLLECTIVELY "CLAIM") ARISING OUT OF THIS LEASE OR OUT OF ENTERTAINER PERFORMING AND/OR WORKING AT THE CLUB AT ANY TIME, WHETHER CONTRACTUAL, IN TORT, OR BASED UPON COMMON LAW OR STATUTE, SHALL BE EXCLUSIVELY DECIDED BY BINDING ARBITRATION HELD PURSUANT TO THE FEDERAL ARBITRATION ACT (THE "FAA"). SUCH ARBITRATION SHALL OCCUR IN THE STATE OF OKLAHOMA, AND SHALL BE ADMINISTERED BY A NEUTRAL ARBITRATOR AGREED UPON BY THE PARTIES, WHO SHALL BE PERMITTED TO AWARD, SUBJECT ONLY TO THE RESTRICTIONS CONTAINED IN THIS PARAGRAPH 21, ANY RELIEF AVAILABLE IN A COURT.... THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY DISPUTES OVER THE VALIDITY AND/OR ENFORCEABILITY OF ANY PART OF THIS LEASE, INCLUDING THESE ARBITRATION PROVISIONS.**

(Dkt. No. 16-2, ¶21).

See AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986) (stating that parties may agree to arbitrate arbitrability). The Supreme Court has held that when parties agree that an arbitrator should decide arbitrability, they delegate to an arbitrator all

threshold questions concerning arbitrability – including "whether their agreement covers a particular controversy." Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 68-69 (2010).

Now that the Court has found that Plaintiff's claims must be submitted to arbitration, the question is dismissal or stay. The FAA states that the Court "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties *stay* the trial of the action until such arbitration has been had." 9 U.S.C. § 3 (emphasis added).

Accordingly, Defendant's Motion to Dismiss or Stay in Favor of Arbitration (Dkt. No. 16) is GRANTED. The Court orders the parties to arbitrate Plaintiff's claims in accordance with the terms set out in the Dancer Performance Lease. This matter shall be administratively closed pending the arbitration and any party may move to reopen it upon conclusion of those proceedings.

IT IS SO ORDERED this 23rd day of February, 2017.

ROBIN J. CAUTHRON
United States District Judge